NORTH TEXAS NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41112.   Promulgated March 7, 1930.

*George S. Atkinson, Esq.*, and *Luke B. Garvin, C. P. A.*, for the petitioner.

*J. Arthur Adams, Esq.*, and *R. B. Cannon, Esq.*, for the respondent.

OPINION.

MARQUETTE: The parties hereto have stipulated the amount of the petitioner's tax liability for the period May 16, 1925, to April 30, 1926, and that the petitioner's net income for the fiscal year ended

April 30, 1927, as heretofore determined by the respondent and set forth in the deficiency letter, should be reduced by the amount of $2,482.55 on account of state, county and city taxes paid or accrued by the petitioner in that year in excess of the amount of such taxes heretofore allowed by the respondent as deductions from gross income. This leaves for decision the single question of whether the petitioner is entitled to deduct from gross income for the fiscal year ended April 30, 1927, the amount of $92,600.24 paid by the petitioner to the Central National Bank and the Central Trust & Savings Bank of Dallas, Tex., pursuant to the contract of October 16, 1926, which is set forth in full in the findings of fact.

The amount in question was deducted by the petitioner on its return as an ordinary and necessary business expense. The respondent disallowed the deduction on the ground that the expenditure was made to acquire good will and that it should be capitalized. The petitioner argues that the expenditure was not made for good will, except in an incidental way, but was made to get the difference between the interest paid to depositors and the interest received from the use of the deposits purchased from the Central National Bank and the Central Trust & Savings Bank. It admits that there was an incidental advantage connected with the purchase, in that the petitioner might thereby be placed in a position to build up good will.

No citation of authority is necessary on the proposition that if the expenditure under consideration was for the purchase of good will, it is not a proper deduction in computing net income. The respondent, having determined that it was a capital expenditure and not an ordinary and necessary business expense, and having disallowed the deduction taken by the petitioner, the burden is upon the petitioner to establish by evidence that it is entitled to the deduction.

The only evidence on this issue is the contract between the petitioner and the Central National Bank and the Central Trust & Savings Bank, and a stipulation to the effect that the petitioner, pursuant to the contract, paid or accrued the amount it asks as a deduction. The contract expressly states that one of the objects of the petitioner in making the contract was to secure the good will and business of the seller, and we have nothing before us to negative that statement, or to show that there was any other object. On the record we must affirm the determination of the respondent.

*Judgment will be entered under Rule 50.*